IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIE BROWN, MARK TATMAN,<br>MARTY EATON a/k/a "Dmx",<br>CRAIG DURHAM,<br>JOHN DOE a/k/a "Auk", ASHLEY N.<br>HARRISON a/k/a "Nikki", and<br>BRITTNEY ROBINSON,<br><br>    Defendants. | Criminal Action No. 06- 50 - UNA |



FILED MAY 2 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT I

*Conspiracy to Distribute Crack Cocaine*
*in and around Dover, Delaware*

1.    From in and around November, 2005, through in or around April, 2006, WILLIE BROWN engaged in the distribution of more than 50 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack", in and around Dover, Delaware. MARK TATMAN, MARTY EATON a/k/a "Dmx", CRAIG DURHAM, and JOHN DOE, a/k/a "Auk", participated in this enterprise by distributing crack cocaine on BROWN's behalf. ASHLEY N. HARRISON a/k/a "Nikki" made her Dover residence available to BROWN for use as a location where some sales to BROWN's customers were made. BRITTNEY ROBINSON used her apartment to secrete drugs for BROWN, and acted as a courier for BROWN.

*Charging Paragraph*

2. From in or about November 2005 through in or about April 2006, in the State and District of Delaware, WILLIE BROWN, MARK TATMAN, MARTY EATON a/k/a "Dmx", CRAIG DURHAM, JOHN DOE, a/ka "Auk", ASHLEY N. HARRISON a/k/a "Nikki" and BRITTNEY ROBINSON, defendants herein, did knowingly conspire together and with each other, and with other persons known and unknown to the Grand Jury, to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT II

3. On or about November 30, 2005, in the State and District of Delaware, WILLIE BROWN, defendant herein, did knowingly distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT III

4. On or about December 7, 2005, in the State and District of Delaware, WILLIE BROWN, MARK TATMAN, and MARTY EATON a/k/a "Dmx", defendants herein, did knowingly distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of

Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT IV

5. On or about March 16, 2006, in the State and District of Delaware, WILLIE BROWN and JOHN DOE, a/k/a "Auk", defendants herein, did knowingly distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT V

6. On or about March 30, 2006, in the State and District of Delaware, WILLIE BROWN and CRAIG DURHAM, defendants herein, did knowingly distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

7. Upon conviction of one or more of the controlled substance offenses alleged in Counts I-V above, WILLIE BROWN, MARK TATMAN, MARTY EATON a/k/a "Dmx", CRAIG DURHAM, JOHN DOE, a/ka "AUK", ASHLEY N. HARRISON a/k/ "Nikki" and BRITTNEY ROBINSON, defendants herein, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

8.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

                              A TRUE BILL:

                              Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _____
Douglas E. McCann
Assistant United States Attorney

Dated: May 2, 2006