AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
District of     Delaware

UNITED STATES OF AMERICA

V.

Marty Eaton
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-50-3-GMS.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC §841, 846   .
  - ☐ under 18 U.S.C. § 924(c).
- ☒☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
NOV -7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence: Defendant was Rule 40 in from New York on the charge of conspiracy to distribute cocaine base. The Court finds that there are no conditions or combinations thereof that will reasonably assure defendant's appearance as require and the safety of the community for the following reasons:

1. Defendant faces substantial jail time with 10 years minimum mandatory to life. Since he has three prior felony drug convictions, the minimum mandatory time would increase to 20 years.

2. The evidence against defendant is substantial and involves the transfer of drugs to an undercover agent and the confirmation that defendant was working with a co-conspirator, Brown. Defense does point out that the DEA agent involved identified defendant from a single photo and there was no confession by defendant.

3. Defendant's criminal history begins at age 15 and involves 2 states (Alabama and Delaware) with his most significant criminal offenses occurring & delivery of hypodermic needle nol-prossed. For this offense he was found in VOP. Before he was discharged from probation for the above offense, he was convicted of delivery of cocaine in June 1993 and in September 1996 a capias was issued for VOP. He remained on probation until June 2000 when he again was found VOP and discharged as unimproved. This VOP results from a conviction in June 2000 for attempted delivery of cocaine for which he was found in VOP in August 2002 and again in November 2004 when he was discharged as unimproved. The 2002 VOP appears to have resulted from his arrest and eventual conviction for another attempted delivery of cocaine in September 2002, for which he was found as VOP in November 2004. This VOP appears to arise from an arrest and conviction for possession of drug paraphernalia in October 2004, for which he was found VOP in July 2005. He also had a conviction for criminal impersonation in November 2004 shortly before being found VOP. He also has an outstanding warrant for failure to appear in Family Court for a child support hearing in November 2005. So though arrested in NY, it appears that defendant's stay up there has been brief.

4. Although defendant has family in this state including a sister in Dover, he had a sister in Dover when he was committing the drug offenses noted above. This is not a criticism of his sister, but clearly the presence of family is no deterrent. He is disabled, receives SSDI and does odd jobs.

◈ AO 472  (Rev. 3/86)  Order of Detention Pending Trial

Although defense counsel represented that defendant could reside with his sister, this representation is unconfirmed since his sister does not have a functioning phone, which would reduce or eliminate the possibility of EM.  EM, curfew and other measures that this court could order would have no control over defendant particularly in light of the fact that all of his recent drugs crimes in this decade occurred while he was under state probation.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

November 7, 2006
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).