UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-50-3-GMS |
| | : | |
| MARTY EATON, | : | |
| | : | |
| Defendants. | : | |

**<u>PRE-TRIAL MOTIONS OF DEFENDANT MARTY EATON</u>**

Defendant, Marty Eaton, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Fed. R. Crim. P. 12(b) and 14 and the Fifth Amendment to the United States Constitution, to suppress the identification of Mr. Eaton and to sever Mr. Eaton's case for trial.

In support of this motion Mr. Eaton submits the following:

**I.  FACTUAL SUMMARY**.

1. This case primarily centers on one Defendant, Willie Brown, who is alleged to have distributed crack cocaine in and around Dover, Delaware from November 2005 through April 2006. Numerous co-defendants, including Mr. Marty Eaton, are alleged to have been minor deliverymen for Mr. Brown. Mr. Eaton was indicted for allegedly distributing 4 ounces of crack cocaine on December 7, 2006 to an undercover law enforcement officer, Special Agent Jonathan Stewart of the DEA.

2. On December 7, 2006, a confidential informant ("CI") made a series of recorded phone calls to Willie Brown in an attempt to purchase 4 ounces of crack cocaine for $3,200.00. A meeting to make the exchange was scheduled for the same day. Although Brown and the CI set the time and place of the transaction, two other individuals came to complete the transaction in a Buick

Rendezvous without Brown. Special Agent Stewart got into the rear passenger side of the vehicle, and the male in the front passenger seat handed him one Ziploc bag containing an off-white chunky substance. In exchange for the Ziploc bag, Special Agent Stewart handed the passenger $3,200.00. Special Agent Stewart then asked both males, "Is this Willie's stuff?," and they replied, "Yeah."

    3. While Special Agent Stewart was in the vehicle making the transaction, the CI was outside of the car on the driver's side. The CI later indicated that the person who handed Special Agent Stewart the Ziploc bag was named "Marty" and that the other individual was "Mark," who was later identified as Mark Tatman and indicted in this case. Special Agent Stewart and the CI had a conversation with Trooper Jason Pires of the Dover City Police Department who guessed that the individual whom the CI said was "Marty" could have been Marty Eaton. Trooper Pires showed Special Agent Stewart a single photograph of Marty Eaton. Special Agent Stewart identified Mr. Eaton from the photograph as the man who handed him the Ziploc bag which was later tested and found to contain approximately 4 ounces of crack cocaine.

    4. Special Agent Stewart had one other encounter with the individual from whom he believed he had received the Ziploc bag of crack cocaine on December 7, 2006. This encounter took place on March 6, 2006, after Special Agent Stewart placed a phone call to Willie Brown in an attempt to purchase some crack cocaine from him. Special Agent Stewart arrived in an undercover vehicle at the place designated by Brown, and an individual who the agent believed was Mr. Eaton approached the car and allegedly offered the agent powder cocaine. Special Agent Stewart refused it, stating that he wanted crack cocaine, not powder cocaine.

## II.     MOTION TO SUPPRESS IDENTIFICATION OF MARTY EATON

5. The Fifth Amendment to the United States Constitution prohibits the admission at trial of eyewitness identifications that occur in unnecessarily suggestive circumstances. Stovall v. Denno, 388 U.S. 293, 302 (1967). The Supreme Court, recognizing the right of criminal defendants to due process, has held that when unnecessarily suggestive identification procedures give rise to a substantial likelihood of misidentification, that identification should be suppressed. See Neil v. Biggers, 409 U.S. 188 (1972). Mr. Eaton asserts that the identification by DEA Special Agent Stewart was highly suggestive because it was based on a single photograph. The Supreme Court has noted that the "danger [of suggestibility] will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw." See Simmons v. United States, 390 U.S. 377, 383 (U.S. 1968). Furthermore, the officers in this case can point to no exigent circumstances that would support the decision to not prepare a photographic array, which is a less suggestive, more reliable method of identification. See U.S. v. Montgomery, 150 F.3d 983, 992-993 (9th Cir. 1998). Thus, Special Agent Stewart's identification of Mr. Eaton must be suppressed at trial.

## III.    MOTION TO SEVER DEFENDANTS

6. The government's case against Willie Brown includes numerous intercepted telephone conversations between Brown and others about illegal drug activities. Any of Brown's statements that are used to prove that he was involved in the distribution of crack cocaine will, in effect, be used against Marty Eaton to prove that he was the individual who made the December 7, 2005 delivery for Brown. The Defense asserts that Brown's statements will be used to incriminate Mr. Eaton without an opportunity to cross-examine Brown, because Brown is unlikely to testify at trial. The

Defense argues that this violates Bruton v. US, 391 U.S. 123 (1968), if the Government seeks to use the statements during its case-in-chief. Furthermore, the spillover effect of the vast amount of evidence against Brown will prejudice Mr. Eaton's right to a fair trial. See Zaifiro v. United States, 506 U.S. 534, 539 (1993) (noting that "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant," severance of defendants could be merited under Fed. R. Crim. P. 14). Thus, the Defense asserts that the only mechanism to ensure that Mr. Eaton has a fair trial is to separate his case from that of his codefendants. Therefore, under Rule 14, this Court should sever Mr. Eaton's case for trial.

    WHEREFORE, Mr. Eaton requests that this Court issue an order suppressing the noted evidence and severing this case for trial.

                                            /s/ Christopher S. Koyste
                                            Christopher S. Koyste, Esquire
                                            Assistant Federal Public Defender
                                            704 King Street, Suite 110
                                            Wilmington, Delaware  19801
                                            (302) 573-6010
                                            Email: ecf_ck@msn.com
                                            Attorney for Marty Eaton

DATED: December 21, 2006

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that the Pre-Trial Motions of Defendant Marty Eaton are available for public viewing and downloading and was electronically delivered on December 21, 2006 to:

Doug McCann, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

This motion was also sent via first class U.S. Mail to:

Elliot Cohen, Esquire

Two Penn Center Plaza
15th & JFK Boulevard, Suite# 1516
Philadelphia, PA 19102
215-568-1300

Johanna Markind, Esquire

1500 Walnut Street, Suite 1100

Philadelphia, PA 19102

215-546-2212

                /s/
       CHRISTOPHER S. KOYSTE, ESQUIRE
       Assistant Federal Public Defender
       704 King Street, Suite 110
       Wilmington, Delaware 19801
       (302) 573-6010
       Email: ecf_ck@msn.com
       Attorney for Marty Eaton